## Case No. 17,184.

### WARNER et ux. v. HOWELL et ux.

[3 Wash. C. C. 12.] [1]

Circuit Court, D. Pennsylvania. April Term, 1811.

#### EXECUTION OF POWERS—WHEN VALID.

1. Where, in a will, a power has been given, and there has been a complete execution of it, and something added which is improper, and inconsistent with the purpose of the power, the execution is good, and the excess is void.

2. Aliter, if the boundaries between the excess and the execution, are not distinguishable.

3. Courts always lean in favour of the execution of the power, if it can be supported, even if it should disappoint the person executing the power.

[Cited in brief in Sturgeon v. Ely, 6 Pa. St. 408.]

Samuel Howell. by will, devised as follows:—"I give and bequeath to my granddaughter Elizabeth Douglass, the sum of £4000 Pennsylvania currency, to be placed out and kept at interest by my executors, on good real security, and the interest to be paid her annually till her marriage, when she is to receive the principal sum; and, in case of her death, she shall have the right by will, to bequeath the said sum unto whichever of my grandchildren she shall think proper, but unto no other person whatsoever; and in default of such will or disposal, I do bequeath the said sum of £4000. to be equally divided between

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

my six grandchildren, (by name,) and their heirs, &c.; provided, that if my said granddaughter Elizabeth Douglass gets married, then the said legacy belongs to her and her heirs, to dispose of as she may think proper." Elizabeth Douglass, not having been married, duly made her last will and testament, and after reciting the above devise, proceeds thus,—"in execution of that power, I will and bequeath to my dear cousin Elizabeth Howell, who is a grandchild of my said grandfather Samuel Howell, the said sum of £4000; and it is done with a dying request and hope, that she will give a part of it to my executor; viz. 4500 dollars, within two months after my decease, or as soon as she can get possession of the money; which sum of 4500 dollars, is to be disposed of as follows, &c. (and then distributes this sum amongst different persons, not the granddaughters of Samuel Howell). But in case my said cousin Elizabeth Howell, shall decline to comply with this request, then, and in such case, I will the said £4000 to my cousin Elizabeth Stretch, also a grandchild of the said Samuel Howell, with a like dying request, that she will comply with the above request made to Elizabeth Howell." The complainant, Elizabeth, the wife of the other plaintiff, is the devisee and appointee, named in the will of Elizabeth Douglass, by the name of Elizabeth Howell. For the plaintiff, it was contended, that she is entitled to the whole £4000, the appointment to her being good, and the condition void. But if the 4500 dollars should be considered as a devise over of that sum, and not a qualification of the whole sum, then, the plaintiff is entitled to the residue under the appointment, and to her proportion of the 4500 dollars, as so much undisposed of. Cases cited, 2 Term R. 241; Alexander v. Alexander, 2 Ves. Sr. 641; Pow. Powers, 346, 361, 363; 2 Ves. Jr. 336, 356, 698. On the other side, it was contended, that the whole devise is void, because the appointee, to take at all, must do so on the terms it is given; and, as she cannot do this, then the power is not executed. Cited 1 Wils. 224.

WASHINGTON, Circuit Justice. The rule laid down in Alexander v. Alexander [supra], as well as in other cases, is, that where there is a complete execution of a power, and something ex abundanti added, which is improper, the execution is good, and only the excess void; otherwise, if there is not a complete execution of the power, where the boundaries between the excess and execution are not distinguishable. To illustrate the rule, the master of the rolls puts the case of the devisee under the power annexing a condition to the appointment, that the appointee should release a debt owing to him, or pay money over, where the appointment would be absolute, and the condition only void. The rule, with the illustration, is decisive of the present case. The condition annexed to the devise to Elizabeth Howell, is perfectly distinguishable from the devise of the £4000 to her, which is com-

plete, and consequently, the excess only is void. We take the reason of the rule to be this, that the appointee under the power, takes under the first devisor, and not under the person appointing; and that by naming the person intended to take, the power is executed, and every thing beyond that which is inconsistent with the power, is void. The leaning of the court is strongly in favour of the execution of the power, if it can be supported, even though it should disappoint the intention of the person executing the power. Of this, there is a strong proof in the principal case before mentioned, where the whole interest devised for the support of Francis, his wife and children, is declared to vest in Francis alone, by supplying the words "if the wife and children shall by law be capable." It was contended, in this case, that if the whole devise to Elizabeth Howell is not void, still it is to be construed as a devise of 4500 dollars to the persons to whom it is given by the will of Elizabeth Douglass. But there is certainly no ground for this. The condition cannot be void, so far as it qualifies the devise to Elizabeth Howell, and yet good as a substantive devise to those persons of 4500 dollars; more particularly, as such a construction would be to create a devise to persons incapable of taking, for the purpose of defeating the execution of the power in part, and to leave such part undisposed of. We are therefore of opinion, that the plaintiffs are entitled to a decree for the whole sum of £4000, with interest.